IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NUMBER 4:11-2117 |
| | ) | |
| v. | ) | GOVERNMENT'S MOTION FOR |
| | ) |   DOWNWARD DEPARTURE |
| KIMBERLY ROSARIO | ) | |

    Now comes the United States of America, by and through its undersigned counsel, and respectfully requests that this Honorable Court sentence the above-named defendant to less time than she would otherwise be facing under the United States Sentencing Commission Guidelines (hereinafter Guidelines). The Government's Motion is based upon Section 5K1.1 of the Guidelines, and 18 U.S.C. Section 3553(e), which permit the prosecution to seek a reduction in a defendant's advisory Guidelines sentence in return for that defendant's substantial assistance in the investigation or

prosecution of another individual.[1]  In support of its Motion, the United States would show the following:

    1.    That on February 27, 2012, the defendant, Kimberly Rosario, pled guilty to Count 1 of the Indictment, conspiracy to distribute 1 kilogram or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

    2.    Even before her indictment, Ms. Rosario cooperated with the Government by admitting her involvement in the conspiracy and providing information concerning the drug distribution activities of other individuals including co-defendants, Jose Trinidad Juarez Aguirre, a/k/a "Pelon", and Jose Luis Fierro Alvarez.

    3.    The Government believes that Ms. Rosario's cooperation and willingness to testify against Jose Aguirre and Jose Alvarez contributed to their decisions to plead guilty.

---

[1] U.S.S.G. Section 5K1.1 provides that, upon motion of the Government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who committed an offense, the Court may depart from the Guidelines.  The Section further provides that the appropriate reduction shall be determined by the court for reasons that may include, but are not limited to, consideration of the following conduct: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant of his family resulting from his assistance; (5) the timeliness of the defendant's assistance.

4.  The Government will provide more specific information regarding the defendant's cooperation at the time of her sentencing.

5.  The case agent has been consulted and agrees that the defendant has provided sufficient substantial assistance to warrant this motion by the Government.

The Government views the defendant's cooperation as extensive and valuable.  Therefore, the Government would move this Honorable Court to depart downward from the sentencing range established by the Guidelines.

                                        WILLIAM N. NETTLES
                                        UNITED STATES ATTORNEY

                                        By   /s/ A. Bradley Parham
                                        A. BRADLEY PARHAM #6878
                                        Assistant United States Attorney

Florence, South Carolina
June 13, 2012